Stockton *v.* Lippincott.

---

SAMUEL STOCKTON et al.

*v.*

ANDREW LIPPINCOTT et al.

A defendant to a foreclosure bill, who is made a party as a judgment-creditor of the mortgagor, in respect of a judgment recovered after the latter parted with his title to the mortgaged premises, cannot, by his answer in the nature of a cross-bill, litigate the validity of the mortgagor's conveyance of the lands as being in fraud of creditors, where he alleges that the execution on his judgment has never been returned.

Stockton *v.* Lippincott.

Bill to foreclose.   On motion to strike out answer.

*Mr. J. H. Gaskill,* for the motion.

*Mr. C. E. Merritt* and *Mr. J. Wilson, contra.*

THE CHANCELLOR.

After the complainants' mortgages were given, the mortgagor, Andrew Lippincott, and his wife conveyed part of the mortgaged premises to one Mary Lippincott, who subsequently conveyed it to the wife of the mortgagor.   After these conveyances had been made, the defendant Daniel F. Gibbs recovered a judgment against the mortgagor.   The complainants made him a party to the bill, although the mortgagor had no title to the property when Gibbs recovered his judgment, and the judgment apparently was no lien on the property.   He answered the bill, alleging that those deeds were fraudulent as against the creditors of the mortgagor, and by way of cross-bill, setting up the same thing and praying affirmative relief.   The relief sought is substantially the establishment of the lien of his judgment upon the property as against those conveyances.   The complainants now move to strike out his answer.   He does not question the validity of their mortgages, nor their priority over his judgment, but does insist on his right, under the circumstances, to litigate the question of the validity of the above-mentioned conveyances as against his judgment.   He could not, merely on the allegations contained in his answer in the nature of a cross-bill, maintain a suit to obtain the relief which he seeks, for he does not show that he has exhausted his remedy at law against the debtor.   *Bigelow Blue Stone Co.* v. *Magee, 12 C. E. Gr. 392.*   He has recovered a judgment, indeed, and has issued execution, but he alleges that it has never been returned.   The motion will be granted, but without costs.